**Frank L. JOHNS, Plaintiff-Appellant,**

v.

**The SUPREME COURT OF OHIO, Defendant-Appellee.**

No. 83–3358.

United States Court of Appeals, Sixth Circuit.

Argued April 20, 1984.

Decided Jan. 30, 1985.

Edwin F. Woodle (argued), Coconut Creek, Fla., Crede Calhoun, Cleveland, Ohio, for plaintiff-appellant.

Thomas V. Martin, John T. Williams (argued), Asst. Attys. Gen., Columbus, Ohio, for defendant-appellee.

Before ENGEL and KRUPANSKY, Circuit Judges, and HILLMAN, District Judge.*

ENGEL, Circuit Judge.

The principal issue in this appeal is whether a federal district judge has power, in a suit seeking relief under 42 U.S.C. § 1983, to compel the Supreme Court of Ohio to rehear an appeal which a majority of its justices had decided adversely to the plaintiff. Plaintiff claims, first in the district court and now before us, that the decision reached by the Ohio courts was not in accord with either federal constitutional law or the law of Ohio, and, further, that its errors "demonstrate [an] absence of impartiality, lack of due process, and a denial of equal protection" leading to an improper result.

The district court dismissed the complaint for failure to state a claim upon which relief can be granted. We affirm.

The history of this litigation begins with the arrest of Frank L. Johns in 1964 for selling marijuana. Following his arrest, Johns was convicted of criminal charges and sentenced to 30 to 60 years of imprisonment. After serving six and one-half years of this term, this court granted Johns' petition for a writ of habeas corpus. *Johns v. Perini,* 462 F.2d 1308 (6th Cir.), *cert. denied,* 409 U.S. 1049, 93 S.Ct. 519, 34 L.Ed.2d 501 (1972). The petition was granted on the grounds that Johns had been denied effective assistance of counsel. *Id.* The State of Ohio did not retry Johns.

Johns believed that he had been unlawfully imprisoned and sought to recover damages for his imprisonment from the State of Ohio. The 112th General Assem-

* Honorable Douglas W. Hillman, Judge, United States District Court for the Western District of Michigan, sitting by designation.

bly of Ohio passed Substitute Senate Bill No. 221, effective November 23, 1977, granting Johns permission to file a claim against the state. Section 41 of that bill provides:

Section 41. Notwithstanding the provisions of Chapter 2743 of the Revised Code, Mr. Frank Johns, 12705 Craven Avenue, Cleveland, Ohio 44105, is hereby authorized to file a claim for damages in the Court of Claims for unlawful incarceration and for lost wages, legal expenses, and general damages resulting from his alleged unlawful incarceration. The Court of Claims, after all the evidence in support of this claim has been heard, shall determine: (1) whether the preponderance of the evidence offered supports a finding that Mr. Johns had been unlawfully incarcerated by the State of Ohio, and if this is so (2) the dollar amount of damages to be awarded as compensation. Funds shall be available from the balance in the reparations Rotary Fund to pay any award for damages made to Mr. Johns by the Court of Claims. Such claim for damages must be filed prior to July 1, 1979, after which date the authority to file such claim shall expire.

Johns then filed a claim against the state in the Ohio Court of Claims. His action was dismissed twice in the Court of Claims. Both times the Ohio Court of Appeals ordered that the claim be reinstated. Eventually, the Court of Claims denied Johns' claim for relief, and the court's decision was upheld by the Ohio Supreme Court. *Johns v. State,* 67 Ohio St.2d 325, 423 N.E.2d 863 (1981), *cert. denied,* 455 U.S. 944, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982).

Johns then brought suit under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Ohio. In his complaint Johns requested that

the judgment of the Supreme Court of Ohio ... be vacated and that the Defendant be ordered and directed to rehear the case and to determine the issues before it solely in accordance with established applicable principles of Ohio law, including

the statute enacted by the General Assembly of Ohio constituting the basis of the litigation before it and the rights and benefits asserted by the Plaintiff.

Plaintiff's claim in the district court and his appeal to this court must fail. Plainly, his complaint alleges only dissatisfaction with the Ohio Supreme Court's judicial action upon his claim for damages under Ohio law. He alleges no violation of any specific federal constitutional rights other than in the most conclusory terms; his disagreement stems solely from his unhappiness with the manner in which the Ohio courts construed the Ohio legislature's limited waiver of sovereign immunity in section 41 of Substitute Senate Bill No. 221.

■ Case law is legion that the Eleventh Amendment to the United States Constitution directly prohibits federal courts from ordering state officials to conform their conduct to state law. *See generally Pennhurst v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and authorities cited therein. Johns would have us construe his complaint as an action not against the State of Ohio but against the Justices of the Ohio Supreme Court (with the apparent exception of the dissenting justice who agreed with his position respecting his claim for damages). Clearly, however, his action is directed against the state treasury, for he asks for no damages from the individual justices; indeed, under the doctrine of judicial immunity, he could not recover damages from the judges personally. Simply stated, Johns would use federal mandatory injunctive relief to compel the Ohio Supreme Court to reach a decision which is contrary to that which it has already reached in his case. This he may not do. There is no question but that the state is the real party in interest here. As the Supreme Court observed in *Pennhurst:*

"The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the

Government from acting, or to compel it to act.'" *Dugan v. Rank,* 372 U.S. 609, 620 [83 S.Ct. 999, 1006, 10 L.Ed.2d 15] ... (1963).

*Pennhurst,* 104 S.Ct. at 908 n. 11.

 It is true that the bill passed by the Ohio legislature acts as a partial waiver of Ohio's sovereign immunity, but it is equally clear that the consent to suit evidenced in that act was limited to an action in the Ohio Court of Claims. The federal courts have consistently construed the extent of a state's waiver of immunity to be limited by the express terms of the waiver statute. *See Florida Dept. of Health v. Florida Nursing Home Assn.,* 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981). Thus, the fact that the state has waived immunity from suit in its own courts is not a waiver of Eleventh Amendment immunity in the federal courts. *Edelman v. Jordan,* 415 U.S. 651, 677 n. 19, 94 S.Ct. 1347, 1362 n. 19, 39 L.Ed.2d 662 (1974). The Ohio bill here expressly permitted an action in the Ohio Court of Claims; it nowhere authorized a federal action. In this respect, the issue is identical to that decided by our court in *Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449, 460 (6th Cir.1982).

 Finally, as we mentioned at the outset, it is apparent that Johns' unhappiness lies in his disagreement with the Ohio Supreme Court's final decision denying his suit against the state. His action in the district court can, therefore, only be construed as an effort to seek and obtain in the federal district court a determination of the propriety of the Ohio court's ruling in his state action. This he clearly may not do, for in essence that is an effort to obtain review of a state court decision by a federal district court. A district court is without jurisdiction to review a decision of the Supreme Court of Ohio. This is true even if the plaintiff seeks to raise federal constitutional issues. *District of Columbia Court*

*of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1314–17, 75 L.Ed.2d 206 (1983). As United States District Judge Robert Duncan correctly observed in his memorandum opinion below: "Plaintiff's only remedy is review by the United States Supreme Court under 28 U.S.C. [§] 1257; and he has exhausted that remedy."

For the foregoing reasons, the judgment of the district court is AFFIRMED.[1]

---

1. In affirming we agree on the whole with the perceptive opinion of Judge Duncan. Because our holding fully disposes of the appeal, we do not reach, nor has the state pressed, the question whether the anti-injunction statute, 28 U.S.C. § 2283, also stands as a bar to the action instituted by Johns in the district court.