785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KAISER KARPANTY, Plaintiff-Appellant,
v.
COUNTY OF LUCAS, BOARD OF COUNTY COMMISSIONERS; JUDGE
RICHARD McQUADE, JR., Defendants-Appellees.
 84-3498
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge.*
 
 
 2
 Plaintiff appeals the district court's judgment dismissing his 42 U.S.C. Sec. 1983 civil rights action for failure to state a claim. The case been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff alleged in his complaint that defendants state common pleas Judge Richard McQuade, Jr., and the Lucas County Board of Commissioners (the County) violated his civil rights by entering a dismissal order in a state court action in which plaintiff had a counterclaim pending. The case was referred to a magistrate, who recommended that the complaint be dismissed on the grounds that Judge McQuade was entitled to judicial immunity and the County could not be liable merely upon a respondeat superior basis. Plaintiff filed timely objections to the magistrate's report. The district court adopted the magistrate's report and recommendation and granted defendants' motion to dismiss. We affirm.
 
 
 4
 Judicial officers are entitled to absolute immunity from damages actions for their judicial acts. Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir. 1985), U.S. appeal pending; Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984). However, a judge may be liable for damages for non-judicial acts or acts performed in the clear absence of all jurisdiction. King v. Love, supra; Sevier v. Turner, supra. A non-judicial act is one not normally performed by a judicial officer. King v. Love, supra, 766 F.2d at 965. Plaintiff claimed that he was the defendant in a state court foreclosure action. Judge McQuade dismissed the action under Ohio Rule of Civil Procedure 41. Plaintiff claimed that the dismissal was a non-judicial act because Rule 41 does not permit dismissal when there is a counterclaim pending. Dismissal of a case is an act normally performed by a judicial officer in his official capacity. Assuming that Judge McQuade's action was erroneous under Ohio law, the commission of a procedural error, even one involving due process, does not render a judge liable for damages. See Sevier v. Turner. Therefore, Judge McQuade is absolutely immune from a damages action. Plaintiff's remedy was to appeal the dismissal of his state court action, not sue the judge under section 1983. Section 1983 does not serve as a means of appellate review of state decisions. See Johns v. Supreme Court of Ohio, 753 F.2d 524 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985).
 
 
 5
 Plaintiff also argues on appeal that the district court should have retained jurisdiction over the pendent state claims against the County. Plaintiff does not dispute the finding that the County could not be liable under Sec. 1983 based upon respondeat superior. Plaintiff does not identify what pendent state claims remain against the County, nor does he offer any argument in support of this claim in his brief. Under these circumstances, this Court is not required to address this claim.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3). It is further ORDERED that double costs are awarded to the appellees. Rule 38, Federal Rules of Appellate Procedure.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation