**Annie L. FREEMAN,**
**Plaintiff-Appellant,**

v.

**MICHIGAN, DEPARTMENT OF STATE, Department of Civil Service, Richard H. Austin, Secretary of State, In His Official Capacity Only, Frank Sierawski, In His Official Capacity Only, Jointly and Severally, Defendants-Appellees.**

No. 85–1878.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 6, 1986.

Decided Jan. 8, 1987.

Chui Karega (argued), Detroit, Mich., for plaintiff-appellant.

Richard P. Gartner, Asst. Atty. Gen. (argued), Lansing, Mich., for defendants-appellees.

Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.

LIVELY, Chief Judge.

The question in this case is whether the Eleventh Amendment bars an action by a state employee seeking damages and injunctive relief from the State, a state agency and two state officials. The district court dismissed the entire action on Eleventh Amendment grounds and imposed a sanction pursuant to Rule 11, Fed.R.Civ.P., on the plaintiff and her attorney. We reverse.

## I.

The plaintiff is a black woman who has worked as a secretary to a bureau head within the Michigan Department of State Bureau of Civil Services. In her complaint she stated that she was the only black secretary of seven persons with similar positions (secretary to a bureau head) and that she received a lower job classification than any of the other six. The complaint contains three counts. In the first count the plaintiff sought an injunction, back pay and front pay, attorney fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In the second count the plaintiff sought the same relief pursuant to 42 U.S.C. § 1981, and in the third count she stated a pendent claim under a civil rights statute and the Constitution of Michigan.

The defendants filed a motion to dismiss pursuant to Rule 12(b)(1) and (6), Fed.R. Civ.P., for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The stated bases for the motion to dismiss the Title VII claim were the Eleventh Amendment, the plaintiff's alleged failure to bring the action within 90 days after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), and her failure to file a charge within 300 days of the alleged act of discrimination. The latter two arguments were grounded on requirements contained in 42 U.S.C. § 2000e-5. The motion sought dismissal of the § 1981 claim for failure to bring the action within the three-year limitation period prescribed by a Michigan statute and "because a violation of 42 U.S.C. § 1981 may not be asserted as the basis for an action under Title VII." Finally, the defendants maintained that upon dismissal of the federal claims the state law claims would no longer be pendent.

The plaintiff responded promptly to the motion, denying that her action was barred by the Eleventh Amendment, stating that it was filed within 90 days following receipt

of a right-to-sue letter, and alleging that the defendants had engaged in continuing acts of discrimination since 1978, making her § 1981 and state law claims timely. The plaintiff accompanied her response with an affidavit in which she set forth specific facts in support of her claim that her action was timely under the requirements of Title VII and the Michigan statute of limitations. The plaintiff's attorney also filed a memorandum of law in support of the response.

Fourteen days after the plaintiff's response was filed the district court entered an order dismissing the action solely on Eleventh Amendment grounds, making no distinction between the Title VII and § 1981 claims. In addition, the order provided:

> In view of the fact that Plaintiff elected to institute her lawsuit in federal court, a forum which clearly was improper under a myriad of United States Supreme Court cases, the Court, pursuant to Fed. R.Civ.P. 11, imposes costs in the amount of $500 against Plaintiff and her attorney in favor of Defendant. Unless Plaintiff pays the foregoing costs, she is enjoined from instituting a lawsuit against Defendants in a *Michigan Court.*

(Footnote omitted).

## II.

■ The Eleventh Amendment states: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has treated this amendment as an affirmation of the sovereign immunity of the states and has interpreted it to prohibit a federal court action against a state by its own citizens as well as by citizens of other states. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). However, Congress may remove this immunity by acting under § 5 of the Fourteenth Amendment which provides, "the Congress shall have power to enforce,

by appropriate legislation, the provisions of this article." When Congress specifically relies on the enforcement section of the Fourteenth Amendment in creating a cause of action against the states, it abrogates their immunity from suit in federal court and removes the Eleventh Amendment limitation on the judicial power of the United States.

■ Neither the district court in its order, nor the parties in their motions, responses or briefs in the trial court, referred to *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). In *Fitzpatrick* the Supreme Court held that Congress acted under § 5 of the Fourteenth Amendment in enacting the 1972 amendments to Title VII. One of the effects of the 1972 amendments was to include states and political subdivisions within the definition of "employer" for purposes of Title VII. In holding that the Eleventh Amendment does not preclude a federal court action against a state under Title VII the Court stated:

> When Congress acts pursuant to § 5, not only is it exercising legislative authority that is plenary within the terms of the constitutional grant, it is exercising that authority under one section of a constitutional Amendment whose other sections by their own terms embody limitations on state authority. We think that Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts. See *Edelman v. Jordan,* 415 U.S. 651 [94 S.Ct. 1347, 39 L.Ed.2d 662] (1974); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459 [65 S.Ct. 347, 89 L.Ed. 389] (1945).

427 U.S. at 456, 96 S.Ct. at 2671 (footnote omitted). The district court erred in holding that the Eleventh Amendment deprived it of subject matter jurisdiction to hear plaintiff's Title VII claim.

■ The defendants concede in this court that the district court erroneously

**1178**

dismissed the Title VII claim on Eleventh Amendment grounds, but argue that we should affirm the dismissal because it was proper on other grounds. The defendants contend that the Title VII action was subject to dismissal because the plaintiffs did not comply with the requirement of 42 U.S.C. § 2000e–5(f) that the claim must be filed within 90 days of the receipt of the right-to-sue letter from the EEOC. However, the complaint stated, "This action has been brought within ninety (90) days of the receipte (sic) of the Notice of Right to Sue...." A motion to dismiss for failure to state a claim admits all well-pled facts and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted). In addition to pleading compliance with the 90–day provision of Title VII, the plaintiff filed an affidavit setting forth the precise date she claimed the right-to-sue letter was received, a date within 90 days of the filing of the complaint.

The defendants also contend that dismissal of the action should be upheld because the plaintiff failed to file a charge within the prescribed state agency within the 300–day limit set forth in 42 U.S.C. § 2000e–5(e). This argument has no merit. When the defendants raised the 300–day issue in their unsworn motion to dismiss, the plaintiff immediately responded with an affidavit enlarging on the statement in her complaint that when she inquired about her status she was advised that her job had not been "bench marked" and was under study. The affidavit stated that the plaintiff learned of her lower classification in March 1984 and filed her complaint on April 19, 1984. As with the 90–day notice requirement, it cannot be said that the plaintiff could have proved no set of facts with respect to the 300–day filing requirement under which she could prevail. In short, the Title VII claim was not subject to dismissal under Rule 12(b) either for lack of subject matter jurisdiction or for failure to state a claim.

**III.**

The Supreme Court has not ruled on the question of whether the Eleventh Amendment prohibits relief against a state under 42 U.S.C. § 1981. However, several courts of appeals, including this court, have held that an action may not be brought against a state pursuant to this statute. In *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069 (5th Cir.1981), the court concluded that a district court erroneously denied a state defendant's motion to dismiss a § 1981 claim, stating:

Unlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity. This indicates that Congress did not intend by the general language of the Civil Rights Act of 1871 to invoke its fourteenth amendment power.

(Citations omitted). The court reached the same conclusion in *Rucker v. Higher Educational Aids Board,* 669 F.2d 1179 (7th Cir.1982).

This court examined the issue in *Foulks v. Ohio Department of Rehabilitation & Correction,* 713 F.2d 1229 (6th Cir.1983). After discussing recent Eleventh Amendment decisions of the Supreme Court, we concluded that *Fitzpatrick v. Bitzer* did not control where the plaintiff sought relief only under § 1981. Judge Merritt wrote for the court:

In analyzing Title VII, the *Fitzpatrick* Court found clear evidence of "congressional intent to abrogate the immunity conferred by the Eleventh Amendment," *id.* [427 U.S.] at 451–52, 96 S.Ct. at 2669, and held that § 5 of the fourteenth amendment authorized Congress to carve out such an exception. Plaintiff contends that the implementing clause of the thirteenth amendment also gave Congress the power to abrogate state sovereign immunity, and that Congress invoked that power by promulgating the Civil Rights Act of 1866. But even if one assumes *arguendo* that plaintiff is correct to this point, the lack of evidence of a clear congressional purpose to use this power in § 1981 fatally undermines his position. *See Employees v. Missouri Public Health Dept.,* 411 U.S. 279, 283–

85, 93 S.Ct. 1614, 1617–18, 36 L.Ed.2d 251 (1973). Whereas Congress amended Title VII in 1972 specifically to establish state liability for violations of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e(a), (f); *Fitzpatrick v. Bitzer, supra,* 427 U.S. at 449 n. 2, 96 S.Ct. at 2668 n. 2 plaintiff has not presented us with any manifestation of a similar congressional intent regarding § 1981. "Congress, acting responsibly, would not be presumed to take such action silently." *Employees, supra,* 411 U.S. at 284–85, 93 S.Ct. at 2617–18.

*Foulks,* 713 F.2d at 1232–33 (footnotes omitted).

 Thus, the Eleventh Amendment bars a § 1981 action against a state. However, a state may waive its immunity and consent to being sued in federal court. The plaintiff argues that Michigan has done this by enacting·legislation and adopting constitutional provisions that have the same purpose as Title VII and § 1981 of prohibiting discrimination in employment practices. The fact that Michigan seeks to prevent discrimination in the workplace by means of state law does not establish that it has agreed to become a defendant in federal court suits based on violations of either state or federal law. Any waiver of Eleventh Amendment immunity must be "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974), quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). We find neither express language nor overwhelming implications of waiver from the text of the Michigan statutes and constitutional provisions relied upon by the plaintiff. As this court held in *Johns v. Supreme Court of Ohio,* 753 F.2d 524, 527. (6th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 79, 88 L.Ed.2d 65 (1985), citing *Edelman v. Jordan,* 415 U.S. at 677 n. 19, 94 S.Ct. at 1362 n. 19, "the fact that the state has waived immunity from suit in its own courts is not a waiver of Eleventh Amendment immunity in the federal courts."

The plaintiff sought back pay, front pay and fringe benefits, all of which are barred by the Eleventh Amendment insofar as her § 1981 claim is concerned since any payment of these claims would come from the state treasury. However, the plaintiff also sought prospective relief in the form of an injunction against continuation of unlawful discriminatory conduct described in the complaint and an order granting her the appropriate job classification. The Eleventh Amendment prohibits a federal court from granting even this relief against a state or a state agency. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). However, this relief could be granted against the two state officials who were sued in their official capacities without entailing any payment from the state treasury. As the Supreme Court made clear in *Edelman v. Jordan,* the "fiction" embodied in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), permits an injunction against a state official who has acted unconstitutionally, because an official so acting no longer represents the state. *Edelman,* 415 U.S. at 664, 94 S.Ct. at 1356.

The § 1981 claim was properly dismissed insofar as it sought a money judgment, but there was no Eleventh Amendment bar to its continuation insofar as it sought injunctive relief from the two individual defendants who were sued in their official capacities.

### IV.

 Turning to the plaintiff's state law claims, the Supreme Court held in *Pennhurst* that the authority of federal law is not implicated when a plaintiff charges state officials with violating state law, and when this is the violation charged, the basis for permitting even injunctive relief against state officials as in *Ex parte Young* and *Edelman* disappears. *Pennhurst,* 465 U.S. at 106, 104 S.Ct. at 911. Thus, the Eleventh Amendment forbids federal courts from enjoining state institutions and state officials for violation of state law. *Id.* at 124, 104 S.Ct. at 920.

The *Pennhurst* Court also held that the judge-made doctrine of pendent jurisdiction does not "override" the Eleventh Amendment. *Id.* at 121, 404 S.Ct. at 919. While the plaintiff's state claims could be filed in this action as pendent claims to those asserted under Title VII and § 1981, as pendent claims they are subject to the same Eleventh Amendment limitations on relief.

## V.

The district court misapplied Rule 11 in imposing costs against the plaintiff and her attorney in favor of the defendant. The 1983 amendment to Rule 11 sought to clarify and emphasize the responsibilities of the attorney and to reduce instances of abuse of the litigation process by providing for the imposition of sanctions. See Advisory Committee Note to 1983 Amendment. The amendment expanded the former rule's description of the attorney's responsibilities by substituting a detailed description of those responsibilities for a more general one:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 11, Fed.R.Civ.P. (effective August 1, 1983).

There is no basis on which it could reasonably be concluded that the attorney in the present case failed to observe his responsibilities as described in Rule 11. The district court had jurisdiction over his entire Title VII claim under settled authority. Although the Supreme Court has not spoken directly on the relationship between § 1981 and the Eleventh Amendment, its pronouncements in several cases support the view that the plaintiff could proceed in federal court on the § 1981 claim at least to the extent of seeking injunctive relief against the individual defendants in their official capacities. The plaintiff did not make frivolous claims, and her attorney did not act irresponsibly.

Rule 11 serves a salutary purpose. It requires attorneys to make reasonable inquiries to determine that their pleadings, motions and other papers are "well grounded in fact" and are "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." Properly applied, the rule should help rid the courts of frivolous and vexatious litigation. However, it has no application to the present case.

The judgment of the district court is reversed, and the cause is remanded. The court will require the defendants to file responsive pleadings and will then conduct further proceedings consistent with this opinion. This court expresses no view on the merits of the case, which are to be developed in the district court. The order imposing costs pursuant to Rule 11 is stricken. The plaintiff will recover her costs on appeal.