812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lavaun CHETISTER, Plaintiff-Appellant,
v.
Andy DOUGLAS, Peter M. Handwork, Alice Robie Resnick, Court
of Appeals, Sixth Appellate District, Supreme Court of Ohio,
Frank D. Celebrezze, William B. Brown, A. William Sweeney,
Ralph S. Locher, Robert E. Holmes, Clifford F. Brown, James
P. Celebrezze, Individually and Officially, Defendants-Appellees.
 No. 86-3057.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1987.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Chetister filed an action in the Lucas County (Ohio) Common Pleas Court alleging fraud in a real estate transaction. The court directed a verdict against her. She timely appealed the decision to the Court of Appeals for the Sixth District of Ohio which affirmed the trial court's decision. Chetister then filed a notice of appeal with the Ohio Supreme Court. Because the notice did not raise constitutional issues, it was treated as a motion to certify, which was denied. The Ohio Supreme Court also denied Chetister's subsequent motion for rehearing, which alleged constitutional claims. Chetister then filed a notice of appeal to the U.S. Supreme Court. The U.S. Supreme Court dismissed the appeal for want of jurisdiction, and treating the appeal as a petition for certiorari, denied certiorari. Chetister v. Chetister, 469 U.S. 805 (1984). Chetister's subsequent motion for rehearing was also denied. Chetister v. Chetister, 469 U.S. 1067 (1984).
 
 
 2
 Chetister filed a complaint in the United States District Court for the Northern District of Ohio against the ten Ohio state court justices and judges who considered her case. The complaint sought a declaratory judgment that certain Ohio Revised Code sections, as applied by defendants-appellees, had violated Chetister's rights arising under 42 U.S.C. Sec. 1983 and the First and Fourteenth Amendments. Defendants-appellees filed a motion to dismiss for lack of jurisdiction over the subject matter, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). The district court dismissed the complaint. Chetister timely filed this appeal.
 
 
 3
 We have no difficulty in concluding that the district court acted properly in dismissing Chetister's complaint. We wholeheartedly agree with the observations of the magistrate, whose views were adopted by the district court, that:
 
 
 4
 [p]laintiff, by arguing that defendants unconstitutionally applied the Ohio statutes in question, is in reality seeking review of a state court by a federal district court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Supreme Court held in Feldman that United States district courts 'do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.' Id. at 486. If a competent state court having jurisdiction has rendered judgment, and the case has been appealed through the state court system, then the only avenue for the correction of constitutional errors is to the appellate jurisdiction of the Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).
 
 
 5
 Jt.App. p. 36.
 
 
 6
 On authority of Feldman, supra, this court has also previously made clear that the district court lacks jurisdiction to review a decision of the Ohio Supreme Court even if the appellant raises federal constitutional issues. Johns v. The Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985). Because we thus hold that the district court lacked jurisdiction over this case, we decline to consider the other arguments raised on appeal (notably that the Eleventh Amendment bars Chetister's claim, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)).
 
 
 7
 The judgment of the district court is hereby affirmed.