843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BENNETT, Plaintiff-Appellant,
v.
Judge James THORBURN, Defendant-Appellee.
 No. 86-1307.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff has filed a motion citing newly discovered evidence on appeal from the district court's judgment dismissing this civil rights case. 42 U.S.C. Sec. 1983. The defendant has filed a response to the motion. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The defendant was involved in Michigan state court litigation which ended unfavorably to his interests. He sued various defendants including the judge who presided over the state court action. The district court dismissed the plaintiff's case based on the eleventh amendment. The plaintiff has appealed that dismissal concerning only defendant Thorburn.
 
 
 3
 The plaintiff sued Judge Thorburn in his official and individual capacities. We agree with the conclusion of the district court that the suit against the judge in his official capacity is barred by the eleventh amendment. In addition, because we find that Judge Thorburn in his individual capacity is entitled to the defense of absolute judicial immunity for acts committed within his judicial capacity, we affirm the judgment of the district court on this ground. See Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967).
 
 
 4
 We also affirm the judgment of the district court on other grounds. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Section 1983 does not create a federal cause of action for every wrong committed under color of state law. Paul v. Davis, 424 U.S. 693, 698-99 (1976). The plaintiff bases his claims solely on issues of state law that do not rise to the level of a constitutional violation. The plaintiff has simply failed to state a colorable constitutional claim against the defendant. These state court issues should have been raised in an appeal to the Michigan Court of Appeals. Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 474 U.S. 824 (1985).
 
 
 5
 In view of our decision on the merits of this case, the plaintiff's motion citing newly discovered evidence is denied. The judgment of the district court is affirmed under Rule 9(b)(3), Rules of the Sixth Circuit, because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.