860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward J. BRENNAN, Jr., Plaintiff-Appellant,
v.
Edward J. BRENNAN, III; Terrence P. Brennan; Ann Marie
Brennan; Helen Hildebrand; Thomas Coltman; John D.
Cannell; Thomas F. O'Malley; Del G. Potter; Terri Evans
Meyer; Cuyahoga County, Ohio; Gerald E. Fuerst; John R.
Corrigan; James W. Westfall, Defendants-Appellees.
 No. 88-3373.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 This pro se Canadian plaintiff appeals the district court's judgment dismissing his civil rights complaint for failure to state a claim upon which relief could be granted. Additionally, plaintiff has filed a motion for leave to file suit or to reopen a previously closed case. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff's suit, while filed under various civil rights statutes, is construed as having been filed under 42 U.S.C. Sec. 1983. Plaintiff alleges that a list of individuals involved in his divorce proceeding conspired to deprive him of his property in violation of numerous constitutional rights.
 
 
 4
 Upon review of the evidence, the district court dismissed the action with prejudice and imposed sanctions on plaintiff. On appeal, plaintiff reasserts his claims for relief, further alleging foul-play on the part of the district judge.
 
 
 5
 Upon consideration, we conclude the district court properly dismissed the suit. Having presented no grounds for tolling, plaintiff's claims, which accrued at least five years ago, are clearly untimely and therefore barred by Ohio's one year statute of limitations. Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985).
 
 
 6
 Additionally, Ohio's doctrine of res judicata precludes plaintiff from relitigating the issue of marital property distribution, it having been previously resolved against plaintiff in his state court divorce action. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 85 (1984); Gutierrez v. Lynch, 826 F.2d 1534, 1536-37 (6th Cir.1987); Lesher v. Lavich, 784 F.2d 193, 196 (6th Cir.1986). Moreover, independent of the full faith and credit clause, plaintiff improperly attempts to misuse Sec. 1983 to create federal jurisdiction by obtaining collateral review of his state court judgment. Tonti v. Petropoulous, 656 F.2d 212, 216 (6th Cir.1981); Studen v. Beebe, 588 F.2d 560, 566 (6th Cir.1978). The suit was therefore properly dismissed. Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.1985).
 
 
 7
 Finally, plaintiff's claims, being premised solely on conclusory, vague allegations of conspiracy, fail to state an adequate claim of constitutional magnitude upon which relief can be granted. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir.1987); Gutierrez, 826 F.2d at 1538-39; Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 8
 Accordingly, the motion to reopen is denied, and the district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, District Judge for the Western District of Kentucky, sitting by designation