895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrence P. FERGUS, Plaintiff,
Francis X. Cook, Attorney-Appellant,
v.
The SUPREME COURT OF OHIO, et al., Defendants-Appellees.
 No. 89-3173.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Terence P. Fergus and his counsel, Francis X. Cook, appeal the district court's imposition of Rule 11 sanctions against them for filing a frivilous lawsuit against the Supreme Court of Ohio. We affirm.
 
 
 2
 Fergus, through his counsel, Cook, filed suit in the Southern District of Ohio against the Ohio Supreme Court and its individual justices under 42 U.S.C. Sec. 1983 for allegedly violating his constitutional rights to due process and equal protection because of the way they decided not to hear his appeal. The alleged constitutional violation stemmed from the Ohio Supreme Court's dismissal of Fergus's appeal to that court from a ruling in the Cuyahoga County Court of Common Pleas which granted summary judgment to one of the four defendants in Fergus's suit for malicious prosecution.
 
 
 3
 Fergus appealed the state trial court's ruling to the Ohio Eighth District Court of Appeals. That court dismissed his appeal because it was not a final appealable order. Fergus then appealed to the Ohio Supreme Court which overruled his motion to certify the record of the Court of Appeals and dismissed his appeal sua sponte for lack of a substantial constitutional question. Undaunted, Fergus filed his 42 U.S.C. Sec. 1983 suit for injunctive relief against the Ohio Supreme Court in the United States District Court for the Southern District of Ohio.
 
 
 4
 The district court granted the Ohio Supreme Court's Motion to Dismiss for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). The district court cited the very well established principle that federal district courts are without jurisdiction to review, modify, or reverse a judicial determination by a state court even if that determination is challenged as unconstitutional. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The only available federal review of a state court's decision is by the United States Supreme Court as provided in 28 U.S.C. Sec. 1257. Id.; Johns v. Supreme Court of Ohio, 753 F.2d 524 (6th Cir.1985). Moreover, relitigation of issues resolved by state courts is barred under the principle of res judicata. Tonti v. Petropolous, 656 F.2d 212 (6th Cir.1981). The district court also found that the plaintiff had no property right to an appeal to the Ohio Supreme Court under either federal or state law. The only way that the 42 USC Sec. 1983 claim may be reached is to review the decision of the Ohio Supreme Court. This also would be barred under the 11th Amendment to the U.S. Constitution.
 
 
 5
 Sua sponte, the district court raised the issue of sanctions for bringing a frivilous lawsuit against Fergus and his counsel, Cook. After a hearing, the district court granted the Ohio Supreme Court's motion for attorney's fees under Fed.R.Civ.P. 11 and imposed a sanction of $3,093.75 against Cook.
 
 
 6
 Now, the only issue before this Court is whether the district court properly imposed sanctions against Cook under Rule 11 of the Federal Rules of Civil Procedure. To vacate the district court's imposition of Rule 11 sanctions, there must be a showing that the district court abused its discretion in finding an attorney's conduct was not objectively reasonable under the circumstances. Davis v. Crush, 862 F.2d 84 (6th Cir.1988). Given the well-established precedents preventing Fergus from litigating his dissatisfaction with the Ohio Supreme Court's disposition of his appeal in federal district court and Cook's admission to the district court that he was aware that the proper avenue of federal court relief was in the United States Supreme Court under 28 U.S.C. Sec. 1257, it is clear that Cook's interpretation of the law was unreasonable and frivilous. The district court did not abuse its discretion in awarding sanctions to the defendants under Rule 11. It is clear that the district court carefully assessed the hours claimed by the defendants as well as the gravity of a determination that Rule 11 had been violated prior to making its ruling.
 
 
 7
 The district court's imposition of Rule 11 sanctions against Cook is affirmed. Because we are affirming the ruling of the district court, costs for this appeal shall be taxed to Cook pursuant to Rule 39(a) of the Federal Rules of Appellate Procedure.