918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis L. RODGERS, Plaintiff-Appellant,
v.
Thomas J. MOYER, Chief Justice, Supreme Court of Ohio, Ann
McManamon, Judge, Ohio 8th District Court of Appeals, John
T. Corrigan, Cuyahoga County Prosecuting Attorney, Gerald E.
Furst, Clerk of Courts, Cuyahoga County, John E. Corrigan,
Cuyahoga County Common Pleas Court Judge, Joseph Markey,
Detective, Cleveland Police Department, Defendants-Appellees.
 No. 90-3021.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Otis L. Rodgers appeals pro se from a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Named as defendants, in their individual and official capacities, are three Ohio judges, a state prosecutor, a county clerk of court and a Cleveland police detective. Rodgers sought declaratory and injunctive relief from the defendants' alleged act of depriving Rodgers of his right to certain personal property seized in a criminal investigation of his home, and allegedly abridging his rights under the fifth and fourteenth amendments.
 
 
 3
 Upon review, this court concludes that the district court properly dismissed the suit against defendant Joseph Markey on the basis of res judicata. The current claim against Markey is barred since the district court had rendered a prior final judgment on the merits resolving the same cause of action brought by Rodgers against Markey in a prior Sec. 1983 action relating to the same property and factual scenario described in his current complaint. White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986).
 
 
 4
 Because the claims against the remaining defendants differ from those against Markey, the doctrine of res judicata does not bar Rodgers' claim against the remaining defendants. These claims are nevertheless barred on other grounds. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). The complaints against defendants John T. Corrigan, Gerald E. Furst and John E. Corrigan may be dismissed, as these officials no longer have responsibility for or authority to release the items of property that Rodgers now seeks. Rodgers' complaints against defendants Moyer and McManamon may also be dismissed, as the relief sought against these defendants would be, in essence, directing state officials to conform their conduct to state law, in violation of eleventh amendment immunities. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); Walker v. Mintzes, 771 F.2d 920, 934 (6th Cir.1985). Moreover, Rodgers would be using federal mandatory injunctive relief to compel the state courts to reach a decision which is contrary to that which has already been reached in his case, which he may not do. Johns v. Supreme Court of Ohio, 753 F.2d 524, 526 (6th Cir.), cert. denied, 474 U.S. 824 (1985).
 
 
 5
 Accordingly, Rodgers' request for counsel is denied, and the district court's order dismissing the complaint is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.