960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MID-SOUTH BANK AND TRUST COMPANY; V.R. Williams & Company;
Franklin County Bank, Plaintiffs-Appellees,
v.
Paul Max QUANDT, Sr., (Deceased) Paul Max Quandt, Jr.,
Defendants-Appellants,
Nelle S. Quandt, (Wife); Paul Max Quandt, III; Jessica
Quandt; Joy Gallagher, Sovereign Individuals, Defendants.
 No. 91-6477.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 Before MERRITT, Chief Judge; ALAN E. NORRIS, Circuit Judge, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se Tennessee defendants appeal a district court order denying their motion to set aside a judgment construed as filed under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendants filed a motion to remove a lawsuit that had been fully litigated in the Chancery Court of Franklin County, Tennessee. Concluding that the defendants' only recourse was to file an appeal to the appropriate Tennessee court of appeals, the district court denied the motion to remove for lack of jurisdiction. Defendants then served a "motion to set aside decree and restore to docket" more than ten days after the district court's dismissal order was entered. The motion was denied on October 29, 1991. Defendants then served within ten days thereafter a motion seeking a writ of error coram nobis. This motion was also denied.
 
 
 3
 Within thirty days of the district court's last order, defendants filed this timely appeal. They contend the district court erred by refusing to assume jurisdiction over their appeal. Defendants request leave to proceed in forma pauperis, oral argument, appointment of counsel, and a free transcript. They have also moved for a writ of mandamus.
 
 
 4
 We review an order denying relief pursuant to Fed.R.Civ.P. 60(b) for abuse of discretion. See In re Salem Mtg. Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 5
 We conclude that the district court did not abuse its discretion in denying defendants' motion. The district court was without jurisdiction to review the state court's decision. Federal courts lack authority to review a final judgment of a state court if the federal court is required to review the same claims as asserted between the parties in the state court litigation, even if the claims are asserted in a federal or constitutional context. See District Ct. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983); In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986); Johns v. Supreme Ct. of Ohio, 753 F.2d 524, 526 (6th Cir.), cert. denied, 474 U.S. 824 (1985). This is true even if the state court judgment appears incorrect. In re Sun Valley Foods Co., 801 F.2d at 189. Since the district court was requested to review the same claims presented in the state court, it lacked jurisdiction to entertain defendants' case.
 
 
 6
 Accordingly, we grant the defendants pauper status for the limited purpose of permitting review of this case, deny their remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.