110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick M. SHEA, Plaintiff-Appellant,
v.
STATE OF OHIO, et al., Defendants-Appellees.
 No. 96-3458.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Frederick M. Shea, an Ohio litigant proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Although the complaint is difficult to decipher, Shea apparently complained about four points lodged against his driving record with the Ohio Bureau of Motor Vehicles as a consequence of some traffic offense charged in Morrow County. Apparently, Shea's driver's license was suspended because of these points. Shea requested that his "driving record [be placed] into a valid mode." He also sought recovery of damages for claimed lost wages. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(d) (current version at 28 U.S.C. § 1915(e)(2)(B)(i) (1996)), reasoning that the complaint was not cognizable under § 1983 at this time, see Heck v. *Humphrey, 512 U.S. 477, ----, 114 S.Ct. 2364, 2372 (1994), and that the court was without authority to review state court proceedings. See Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 474 U.S. 824 (1985). The court also held that the complaint lacked an arguable basis in law because nowhere in the complaint was it alleged that the imposition of four additional points (or the traffic offense for which Shea was apparently convicted) was effected in contravention of the Constitution or laws of the United States. Shea perfected a timely appeal.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion or otherwise err in determining that Shea's complaint is frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). The legal theories and the factual contentions of the complaint lack an arguable basis in law and in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Shea appears to be contesting the validity of his state traffic conviction for speeding. In Heck, the Supreme Court held that a person may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" until the conviction or sentence has been set aside by the state or by a federal writ of habeas corpus. See 114 S.Ct. at 2372. The complaint must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. Id. at 2373 (claim for damages is not cognizable); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Shea's complaint about the four points lodged against his driving record with the Ohio Bureau of Motor Vehicles as a consequence of some traffic offense charged in Morrow County necessarily calls into question the validity of his conviction. Shea does not establish that his conviction has been nullified. His § 1983 action is premature.
 
 
 5
 Dismissal of Shea's complaint was also proper to the extent that Shea sought a review of the state court proceedings regarding the traffic conviction. The district court lacked jurisdiction over the controversy. Under what has come to be known as the Rooker-Feldman doctrine, federal courts have no jurisdiction to review state court determinations. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). A federal plaintiff may not sidestep this jurisdictional rule simply by casting the complaint in the form of a federal civil rights action. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993), cert. denied, 510 U.S. 1046 (1994). Shea's present claims are so "inextricably intertwined with the state court's denial in a judicial proceeding" that the federal court is "in essence being called upon to review the state court decision. This the district court may not do." Feldman, 460 U.S. at 483-484 n. 16. See also Landers Seed Co. v. Champaign Nat'l Bank, 15 F.3d 729, 732-33 (7th Cir.), cert. denied, 115 S.Ct. 62 (1994); Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir.1992), cert. denied, 508 U.S. 941 (1993).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.