The **UNITED STATES** of America ex rel. Robert D. **MOORE,** and Robert D. Moore, **Plaintiffs,**

v.

The **UNIVERSITY OF MICHIGAN,** a state agency, **Defendant.**

Civ. A. No. 92–CV–70012–DT.

United States District Court, E.D. Michigan, Southern Division.

Aug. 18, 1994.

Philip Green and Christine Green, Ann Arbor, MI, for plaintiffs.

Kenneth J. McIntyre and Timothy H. Howlett, Detroit, MI, for defendant.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On May 14, 1993, the Defendant, the University of Michigan (University), filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), claiming that this Court lacks jurisdiction on the basis of its immunity under the Eleventh Amendment. The Plaintiff, Robert D. Moore, responded in opposition.[1]

For the reasons that have been set forth below, this Court will grant the University's Motion and dismiss the remaining federal and state law claims without prejudice.

## I

This controversy involves accusations of computer overcharging and wrongful discharge by Moore in violation of the Federal False Claims Act and the Michigan Whistle-Blowers' Protection Act. Moore became the Budget Finance Manager in the Information Technology Division at the University in 1986 and became its Director of Finance four years later. His position in these capacities allowed him to become acquainted with the University's computing procedures. During the course of his employment, he allegedly discovered that the University had (1) charged the United States Government twice the rate that it had imposed on other entities for their use of the mainframe computer, contrary to the directives from the United States Office of Management and Budget, (2)

devised a billing scheme that was designed to offset the University's purchase of 1200 personal computers, factoring these costs into the rates that were being charged against the United States Government, (3) assessed the cost of acquiring, using and maintaining the University's Mirlyn Library system and its mainframe to the United States Government, while making these systems available at no cost to the University community, and (4) under-reported the income from the computer system to the Internal Revenue Service.

This asserted misconduct led to the filing of the Complaint which sets forth two counts; namely, (1) a qui tam action on behalf of the United States Government under the False Claims Act, 31 U.S.C. § 3730(b)(1) (1988), and (2) a claim that Moore had been demoted in violation of 31 U.S.C. § 3730(h) (1988) of the False Claims Act and contrary to the Michigan Whistle-Blowers' Protection Act, Mich.Comp.Laws Ann. §§ 15.361–15.369 (West 1994). Moore filed a Supplemental Complaint on April 16, 1993 to Count Two of the action, alleging that he had been constructively discharged subsequent to the filing of the lawsuit.

As a result of the procedural events in this case (see footnote 1), the only remaining claim deals with Moore's alleged illegal demotion and subsequent discharge from the University. Moore is seeking a monetary award and reinstatement to his former position with the University. The University's Motion to Dismiss is now before this Court for resolution.

## II

The University maintains that the action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) because the Eleventh Amendment bars Moore from prosecuting his personal damage claims against the University in a federal court. For the purposes of Eleventh Amendment immunity, the Univer-

---

1. This case was originally brought in the name of the United States and Robert D. Moore. However, the University of Michigan and the United States subsequently resolved their differences. Hence, the latter is no longer a party to this lawsuit. (Order, Judge Gerald E. Rosen, January

15, 1993.) In accordance with Judge Rosen's Order of March 23, 1994, in which he disqualified himself pursuant to 28 U.S.C. § 455, the matter was reassigned to this Court under the existing "blind draw" assignment system.

sity contends that, as a state constitutional entity, it is analogous to the State of Michigan and Moore, as a citizen of the State, is barred from prosecuting his claim in this federal court. The University also claims that (1) Congress did not explicitly abrogate the State of Michigan's Eleventh Amendment immunity under § 3730(h), (2) § 3730(h) is a separate cause of action that is independent of a lawsuit brought in the name of the United States under § 3730(b)(1), and (3) without regard to the decision in the pending federal claim, a decision on Moore's claim under the Michigan Whistle–Blowers' Protection Act is prohibited because the supplemental jurisdiction of this Court cannot override the Eleventh Amendment.

Moore acknowledges that the University is an agency of the State in his Complaint. However, he argues that (1) the claim under § 3730(h), like those under § 3730(b)(1), is brought on behalf of the United States and as such, is not barred by the Eleventh Amendment, (2) Congress has abrogated the State of Michigan's Eleventh Amendment immunity by specific language in the False Claims Act, and (3) because § 3730(h) is an essential part of this Act, this Court should have jurisdiction to resolve all of the pending claims. Moore supports these contentions importing those portions of the False Claims Act that treat the United States as a party to the transaction to cover the retaliatory provision within the Act. He submits that the Court should retain the state issue in this matter under supplemental jurisdiction because of its jurisdiction over the federal claim.

### III

A complaint that is barred by the Eleventh Amendment fails to state a claim upon which relief can be granted, and hence, should be dismissed by this Court. Fed.R.Civ.P. 12(b)(6).[2]

In order for a complaint to be dismissed for failure to state a claim, a court must conclude "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Carver v. Bunch,* 946 F.2d 451, 452 (6th Cir.1991) (quoting *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam)). Moreover, the court must liberally construe the pleading in favor of the non-moving party and accept as true all well-pleaded allegations. *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 392 (6th Cir.1975).

The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Amendment does not "prohibit[ ] suits by individuals against the States, but declare[s] that the Constitution should not be construed to import any power to authorize the bringing of such suits." *Hans v. Louisiana,* 134 U.S. 1, 11, 10 S.Ct. 504, 505–06, 33 L.Ed. 842 (1890). Although no language in the Amendment prevents a state from being sued by one of its citizens, the Supreme Court in *Hans* extended the jurisdiction of the Eleventh Amendment to serve as a bar in these situations. The Court postulated the following argument:

> Suppose that Congress, when proposing the Eleventh Amendment, had appended to it a proviso that nothing therein contained should prevent a State from being sued by its own citizens in cases arising under the Constitution or laws of the United States: can we imagine that it would have been adopted by the States?

*Id.* at 15, 10 S.Ct. at 507. With this fiction, the Supreme Court prevented States from being sued by one of its own citizens—a fiction that remains in effect to the present day.

---

2.  Fed.R.Civ.P. 12(b) reads, in part, that:
    If, on a motion asserting the defense ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be

treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

## A

■ The first issue which this Court must resolve is whether the University is an extension of the State of Michigan. "[T]he application of the Eleventh Amendment turns on whether said agency or institution can be characterized as an arm or alter ego of the state...." *Hall v. Medical College of Ohio*, 742 F.2d 299, 301 (6th Cir.1984) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977)), *cert. denied*, 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985). In resolving the applicability of the Eleventh Amendment, the Supreme Court has made clear that "when the action is in essence one for the recovery of money from the state, the state is the real, substantive party in interest and is entitled to invoke its sovereign immunity...." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945) (citations omitted); *See Estate of Ritter v. University of Michigan*, 851 F.2d 846, 850 (6th Cir.1988).

An analysis of the appropriate Michigan statutes convincingly demonstrates that the University is an extension of the State and entitled to immunity. Article VIII, Section 4 of the Michigan Constitution[3] authorizes the Legislature to appropriate funds with which to maintain the University. The Legislature has also defined the University as being the equivalent of the "State" for purposes of governmental liability.[4] Most importantly, any judgment against the University will be paid out of the State's tax revenues.[5] Based on the relief sought by Moore and the University's constitutional and statutory structure for its funding and liability, the University is clearly within the meaning of "State" as defined in *Ford Motor Co. See Hutsell v. Sayre*, 5 F.3d 996 (6th Cir.1993) (under simi-lar analysis, University of Kentucky and its board of trustees were entitled to Eleventh Amendment immunity), *cert. denied* —— U.S. ——, 114 S.Ct. 1071, 127 L.Ed.2d 389 (1994).

## B

This case presents a question of first impression within the Sixth Circuit as to whether § 3730(h) of the False Claims Act abrogates the states' sovereign immunity under the Eleventh Amendment.

■ The Eleventh Amendment does not bar Congress from creating federal jurisdiction for state liability. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Rather, "Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts." *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945)). In doing so, Congress must use unequivocal statutory language to abrogate the states' Constitutional immunity. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). In *Atascadero*, the Supreme Court was asked to determine whether a state could be sued in federal court for retroactive monetary relief under a federal statute. The plaintiff in that case alleged employment discrimination by the State of California in violation of Section 504 of the Federal Rehabilitation Act which reads in pertinent part: "No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, ... be denied the benefits of, or be subjected to discrimination

---

**3.** "The legislature shall appropriate moneys to maintain the University of Michigan, ... by whatever names such institution[] may hereinafter be known...." Mich.Const. art. VIII, § 4.

**4.** "State" is defined as "the state of Michigan and its agencies, departments, commissions, courts, boards, councils, statutorily created task forces, and shall include every public university and college of the state...." Mich.Comp.Laws § 691.1401(c) (1979).

**5.** "When any judgment or decree is obtained against any corporate body, or unincorporated board, now or hereafter having charge or control of any state institution, the amount thereof shall be included and collected in the state tax and paid to the person entitled thereto." Mich. Comp.Laws § 600.6095 (1979).

under any program or activity receiving Federal financial assistance...." *Id.* at 245, 105 S.Ct. at 3148–49 (quoting 29 U.S.C. § 794 (1982)). The Court began the Eleventh Amendment discussion by stating that "it is incumbent upon the federal courts to be certain of Congress' intent before finding that federal law overrides the guarantees of the Eleventh Amendment. The requirement that Congress unequivocally express this intention in the statutory language ensures such certainty." *Id.* at 243, 105 S.Ct. at 3147–48. After reviewing the statutory language, the Court determined that the language was a general authorization for suit in a federal court and "not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." *Id.* at 246, 105 S.Ct. at 3149.

█ A statute that adequately abrogates the Eleventh Amendment was identified by the Supreme Court in *Dellmuth v. Muth,* 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989), which declared the following language to be sufficient: "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of [several enumerated provisions] or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." *Id.* at 229–30, 109 S.Ct. at 2401 (quoting 42 U.S.C. § 2000d–7(a)(1) (1982 & Supp. IV 1986)).

In the present case, the statutory provision under scrutiny states that:

Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.

31 U.S.C. § 3730(h) (1988). This subsection is silent on the issue of immunity and does not specify that the United States must be a party to a claim of retaliation. When the provisions of § 3730(h) are compared to the rationale and conclusions in *Dellmuth,* it becomes readily apparent that the silence in this subsection falls short of the unequivocal statutory language that is necessary to abrogate the Eleventh Amendment.

Congress did specifically abrogate the States' Eleventh Amendment immunity for actions brought under § 3730(b)(1).[6] The Eleventh Amendment plays no role in this subsection because an individual is permitted to initiate a lawsuit on behalf of the United States. "[N]othing in [the Eleventh Amendment] or any other provision of the Constitution prevents or has ever been seriously supposed to prevent a State's being sued by the United States." *United States v. Mississippi,* 380 U.S. 128, 140, 85 S.Ct. 808, 815, 13 L.Ed.2d 717 (1965).

Moore insists that the application of the Eleventh Amendment would not be appropriate given that the lawsuit was brought on behalf of the United States. He cites §§ 3731(b), 3731(c) and 3732(a) to support this proposition. Although these provisions fail to differentiate between the main qui tam action and a retaliatory claim, none of these sections indicate that the United States is a party in the retaliatory claim under § 3730(h). This ambiguity is not the type of

---

**6.** A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

31 U.S.C. § 3730(b)(1) (1988).

specific language that is sufficient to abrogate the application of the Eleventh Amendment.

During a hearing before this Court, Moore cited § 3733 for the proposition that "person" includes a state in the enforcement of civil actions for false claim under § 3730, and, by virtue thereof, Congress has abrogated the states' immunity. While this section does define "persons" to include states, the definition is only for the purposes of § 3733. This section deals with a false claims investigation prior to the commencement of a proceeding under § 3730, and requires "persons" to produce information for the purpose of a civil investigation. Contrary to Moore's assertion, § 3733 does not lend any support to his argument that Congress has abrogated the Eleventh Amendment under the circumstances of this case. Borrowing definitions from one section to cover another section cannot be construed to be express language and would represent a deviation from the edict in *Atascadero*.

Further, Moore's reliance upon *United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46 (4th Cir.1992) and *United States v. Rockwell International Corp.*, 730 F.Supp. 1031 (D.Colo.1990) is misplaced. The court in *ex rel. Milam* held that the Eleventh Amendment plays no role in a claim under § 3730(b)(1) because it is an action by the United States. *Ex rel. Milam*, 961 F.2d at 50. In dicta, the court stated that the False Claims Act is silent on the states' Eleventh Amendment immunity which, in turn, leaves the immunity intact. *Id.* at 50 n. 3. This position supports the conclusion of this Court (to wit, § 3730(h) does not abrogate the Eleventh Amendment).

In *Rockwell*, the district court held that if the United States declines to intervene in an action under § 3730(b)(1), the character of the case does not change and continues to be an action by the federal government. *Rockwell*, 730 F.Supp. at 1035. The court supported this holding by pointing to the need for joint consent by the Attorney General and the court as a condition precedent to the dismissal of the lawsuit. *Id.* The *Rockwell* holding is inapposite to the present controversy. Thus, neither *Rockwell* nor *ex rel. Milam* authorizes any abrogation for the individual retaliation suits that were brought under § 3730(h).

Notwithstanding Moore's position, this Court must confine its review to whether the particular statute evinces an unequivocal intent to abrogate the states' Eleventh Amendment immunity. *Atascadero*, 473 U.S. at 243, 105 S.Ct. at 3147–48. This Court is further restrained from considering the benefits of a single forum because "the significance of this Amendment 'lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III' of the Constitution." *Id.* at 238, 105 S.Ct. at 3145 (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)). Because § 3730(h) is silent on the issue of Eleventh Amendment immunity and does not make the United States a party to the claim, this Court must conclude that Moore's federal claim against the University be dismissed.

### C

As the University correctly notes, the Eleventh Amendment also limits this Court's supplemental jurisdiction over the state law claim:

> The Eleventh Amendment forecloses, however, the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the State. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). As we held in *Pennhurst*: "[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Id.* at 121, 104 S.Ct. at 919.

*County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 251, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985).

The Michigan Whistle–Blowers' Protection Act grants a waiver by the State to be sued

in state court.[7]  No clear language in the statute—indeed no language at all—suggests an abrogation of Michigan's Eleventh Amendment immunity.  The Sixth Circuit has recognized that the federal courts have consistently construed the states' waiver of immunity to be limited by the express terms of the statute.  *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir.) (citing *Florida Dept. of Health v. Florida Nursing Home Assn.*, 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981)), *cert. denied*, 474 U.S. 824, 106 S.Ct. 79, 88 L.Ed.2d 65 (1985).  "Thus, the fact that the state has waived immunity from suit in its own courts is not a waiver of Eleventh Amendment immunity in the federal courts."  *Johns*, 753 F.2d at 527 (quoting *Edelman*, 415 U.S. at 677 n. 19, 94 S.Ct. at 1362–63 n. 19).  Moore's argument of judicial economy, conveyance, and fairness to litigants, cannot override the Constitutional limitations that have been placed upon federal jurisdiction by the Eleventh Amendment.  Therefore, because there is no evidence of a waiver by the State of Michigan of its Constitutional immunity, this Court is without any authority to exercise its supplemental jurisdiction over Moore's state law claim.

## IV

For the reasons that have been set forth above, this Court will grant the University's Motion and dismiss the remaining federal and state law claims without prejudice.

IT IS SO ORDERED.

---

**7.** The Whistle–Blowers' Protection Act definitions read in pertinent part: "Employer includes an agent of an employer and the state or a political subdivision of the state."  Mich.Comp. Laws Ann. § 15.361 (West 1994).